UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MONROE COUNTY BOARD OF COMMISSIONERS, INDIANA FOREST ALLIANCE INC, HOOSIER ENVIRONMENTAL COUNCIL, FRIENDS OF LAKE MONROE, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  No. 4:23-cv-00012-TWP-KMB |
| UNITED STATES FOREST SERVICE Sidney R Yates Federal Building, MICHAEL CHAVEAS Hoosier National Forest Supervisor, CHRISTOPHER THORNTON DISTRICT RANGER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION FOR EXPEDITED BRIEFING SCHEDULE**

This case concerns the Houston South Vegetation Management and Restoration Project (the "Project") on the Hoosier National Forest in southern Indiana. [Dkts. 1; 11 at 1.] It is related to Cause No. 4:20-cv-00106-TWP-DML, which is currently on appeal to the Seventh Circuit Court of Appeals. [Dkt. 8.] Presently pending before the Court is Defendants' Motion for Entry of Expedited Briefing Schedule. [Dkt. 11.] The Court held a Telephonic Status Conference on February 16, 2023, and counsel for the Parties discussed the pending motion with U.S. Magistrate Judge Kellie M. Barr. [Dkt. 19.]

In the pending Motion, Defendants ask the Court to consolidate the briefing on Plaintiffs' motion for preliminary injunction with expedited summary judgment briefing on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). [Dkt. 11 at 3-4.] Defendants request this because they intend to proceed with prescribed burns on the Project as soon as conditions allow,

and those burns require very specific weather parameters to be safe and successful. [Dkt. 11 at 3.] Defendants represent that they will not commence those burns before April 1, 2023. [Dkt. 11 at 3.] Defendants contend that consolidating the briefing on the preliminary injunction with summary judgment briefing will promote judicial efficiency and eliminate the need for multiple rounds of briefing "to address the single claim raised in the Complaint." [Dkt. 11 at 4.]

In response, Plaintiffs agree that the preliminary injunction briefing in this case should be expedited, but they strongly object to Defendants' request to consolidate summary judgment briefing into that expedited schedule. [Dkt. 17.] Plaintiffs contend that granting Defendants' request would severely prejudice them and impose an undue hardship on both them and the Court. [Dkt. 17 at 1.] They point out that Plaintiffs must have an opportunity to review the administrative record, identify concerns regarding its completeness, and attempt to informally resolve any disputes. [Dkt. 17 at 4.] Plaintiffs emphasize that Defendants have not yet filed a responsive pleading in this action and argue that merits consolidation is not appropriate "because it would force Plaintiffs to forgo their right to ensure the adequacy of the record prior to moving for summary judgment." [Dkt. 17 at 4-5.] Instead, Plaintiffs propose an expedited briefing schedule on their preliminary injunction motion that would allow for it to be fully briefed by March 9, 2023, which is a few weeks ahead of the Parties' desired ruling date. [Dkt. 17 at 3.]

In reply, Defendants emphasize that Rule 65(a)(2) does not require all parties to consent to merits consolidation but rather allows the Court to consolidate if the parties "receive timely notice allowing them to gather and present all the evidence that would be pertinent on the merits." [Dkt. 18 at 1.] Defendants emphasize that here, the administrative record contains approximately sixty documents, many of which they allege have been publicly available since last fall. [Dkt. 18 at 2.]

2

Under Federal Rule of Civil Procedure 65(a)(2), the hearing for a preliminary injunction can be consolidated with the trial on the merits "[b]efore or after the commencement of the hearing ... for a preliminary injunction."  "Whether or not to consolidate the hearing with the trial is within the district court's discretion." *Am. Train Dispatchers Dep't of Int'l Bhd. of Locomotive Engineers v. Fort Smith R. Co.*, 121 F.3d 267, 270 (7th Cir. 1997).

The Court denies the Defendants' request to consolidate the preliminary injunction and summary judgment briefing in this case.  The Court does not find this case to be a good candidate for consolidation under Rule 65 for the reasons stated in Plaintiffs' objection, [dkt. 17], because the administrative record was just filed on February 8, 2023, and because of the undue burden the proposed merits briefing schedule would place on the Court.  As it stands, even with the expedited briefing schedule that the Court will adopt on Plaintiffs' preliminary injunction request as further set forth below, the Court cannot guarantee that it will be able to issue a ruling on the timeline the Parties desire because of the high caseload in this District and obligations in other cases that the Court also must address before April 1, 2023.

For these reasons, the Court **DENIES** Defendants' Motion for Expedited Briefing Schedule to the extent that Defendants request consolidation of briefing and ruling on both the preliminary injunction request and summary judgment.  [Dkt. 11.]  The Court **GRANTS** Defendants' request to the extent that it will enter an expedited briefing schedule on Plaintiffs' request for a preliminary injunction.  [Dkt. 11.]  Accordingly, the Court **ORDERS** the following expedited briefing schedule on Plaintiffs' Motion for Preliminary Injunction:

- Plaintiffs' Motion for Preliminary Injunction:  to be filed by **February 16, 2023**, as Plaintiffs' counsel represented it would be at the Court's conference on that date

- Defendants' Response to Plaintiffs' Motion for Preliminary Injunction:  to be filed no later than **March 2, 2023**

- Plaintiffs' Reply in Support of its Motion for Preliminary Injunction:  to be filed no later than **seven days after Defendants' response is filed**

While the Court acknowledges the Parties' preferred timeline for a ruling (by April 1, 2023), this is a very busy District, and the Court cannot guarantee that it will issue a ruling by then.

**SO ORDERED.**

Date: 2/17/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

William S. Eubanks II
EUBANKS & ASSOCIATES, LLC
bill@eubankslegal.com

W. Russell Sipes
THE SIPES LAW FIRM
wrs@sipeslawfirm.com

John Tustin
DOJ-Enrd
john.tustin@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov